Filed 10/20/21  P. v. Ruiz CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN CARLOS RUIZ,<br><br>    Defendant and Appellant. | A160580<br><br>(San Mateo County<br>Super. Ct. No. SC046239C) |

MEMORANDUM OPINION[1]

In 2001, a jury convicted Juan Ruiz of first degree murder, committed for the benefit of a street gang.  (Pen. Code, § 187, subd. (a)[2]; § 186.22, subd. (b)(1).)  The jury found not true the allegations that Ruiz committed the murder by torture (§ 190.2, subd. (a)(18)), and that he personally used a screwdriver (§ 12022, subd. (b)(1)).  It was unable to agree on whether Ruiz personally used a knife.  (§ 12022, subd. (b)(1).)  The trial court sentenced Ruiz to 28 years to life, and this court affirmed the murder conviction.  (*People v. Reyes, et al.* (Apr. 19, 2004, A097648) [nonpub. opn.].)

---

[1] Consistent with the California Standards of Judicial Administration, section 8.1(2), we conclude this case is properly resolved through a memorandum opinion.

[2] Undesignated statutory references are to the Penal Code.

1

In 2019, Ruiz filed a section 1170.95 petition seeking to vacate his murder conviction.  (§ 1170.95, subd. (a).)  He alleged that the criminal complaint allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, that he was convicted of murder pursuant to one of those theories, and that he could not presently be convicted of murder due to recent changes in the Penal Code.  (Stats. 2018, ch. 1015, § 1, subd. (f) [amending "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder"]; §§ 188, subd. (a)(3) [as amended, malice "shall not be imputed to a person based solely" on his participation in the crime]; 189, subd. (e) [as amended, liability for murder only if the individual was the actual killer, the individual, with the intent to kill, aided and abetted the actual killer, or the individual was a major participant in the underlying felony and acted with reckless indifference to human life].)

The trial court then assessed whether Ruiz made a prima facie showing that he was entitled to section 1170.95 relief—a very low bar.  (§ 1170.95, subd. (c) ["If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."]; *People v. Lewis* (2021) 11 Cal.5th 952, 972.)  At this stage, the court could consult the record of conviction "to determine 'readily ascertainable facts,' such as the crime of conviction and findings on enhancements" that indisputably refuted Ruiz's allegations.  (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815.)

Here, however, the trial court "review[ed] the entire record in determining whether or not the assertions that Mr. Ruiz has set forth in his petition are true."  Among other things, the jury in Ruiz's trial had been instructed that an aider and abettor is guilty of any crime that is the natural and probable consequence of any criminal act he knowingly and intentionally

2

aided and abetted.  Despite the jury having been so instructed, the trial court concluded that Ruiz was the actual killer and "there was substantial evidence of [his] premeditation and deliberation such that a reasonable trier of fact could find the defendant guilty of first degree murder beyond a reasonable doubt."  On that basis, the court found Ruiz ineligible for section 1170.95 relief as a matter of law.

On appeal, Ruiz and the Attorney General agree the trial court erred because the record of conviction does not conclusively demonstrate Ruiz was the actual killer—the jury in Ruiz's criminal trial rejected the allegations that he tortured the victim or personally used a weapon in the commission of the murder.  We agree as well.  Ruiz's section 1170.95 petition stated a prima facie case, and the trial court improperly resolved disputed facts in denying his petition.  At the prima facie stage, the trial court "should not engage in 'factfinding involving the weighing of evidence.' "  (*People v. Lewis*, *supra*, 11 Cal.5th at pp. 971–972.)  We remand for the issuance of an order to show cause, and if necessary, a hearing on whether to vacate Ruiz's murder conviction and recall his sentence.  (§ 1170.95, subd. (d)(1)–(3).)

## DISPOSITION

We reverse the trial court's order and remand the matter for further proceedings.

_____

Rodriguez, J.

WE CONCUR:


_____

Tucher, P. J.


_____

Fujisaki, J.


A160580

4